IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal No. 06-147 |
| ) | Judge Nora Barry Fischer |
| JOHN L. EVANS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

This matter is before the Court on Defendant John L. Evans' Pro Se "Post Conviction Relief Memorandum of Law in Conjunction with the Mandatory Motion to Reduce Sentence Pursuant to 18 USC §3582(c)(2)" [62] and "Post Conviction Relief Memorandum of Law" [63] each filed in the above captioned matter on October 24, 2008. After receiving an extension of time from the Court, the Government filed a response to said Motion on December 5, 2008. (Docket No. 67). Based on the following, Defendant's Motion [62] is DENIED.

On April 25, 2006, Defendant and his co-defendant were charged by indictment with one count of possession with intent to distribute and distribution of five (5) grams or more of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 2. A jury trial on this charge against Defendant was held before the Honorable Thomas M. Hardiman on January 4, 2007, at the conclusion of which the jury convicted Defendant of count one. (*See* Docket Nos. 47, 49). Thereafter, on June 20, 2007, Defendant was sentenced by the undersigned Judge to sixty months imprisonment followed by five years of supervised release. (Docket No. 60).

1

Defendant's motion seeks reduction of his sentence under 18 U.S.C. § 3582(c)(2) due to Amendment 706 to Section 2D1.1 of the Sentencing Guidelines, which generally reduced the base offense levels for crack cocaine offenses. *See United States v. Moses*, Crim. No. 05-109, 2008 WL 655993, at *1 (W.D. Pa. Mar. 5, 2008)(generally discussing "that in the 2007 amendments to the United States Sentencing Guidelines, the base offense levels involving crack cocaine offenses have been lowered, and that the reduction applies retroactively."). Guideline § 1B1.10(a)(1), titled Reduction in Term of Imprisonment as a Result of Amended Guideline Range, provides that

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).

U.S.S.G. § 1B1.10(a)(1). The statutory section referenced therein, 18 U.S.C. § 3582(c)(2) provides that:

> (2) in the case of a defendant who has been <u>sentenced to a term of imprisonment based on a sentencing range</u> that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2)(emphasis added). However, Application Note 1(A) to Guideline § 1B1.10(a)(1) explains that:

> [e]ligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None

2

> of the amendments listed in subsection (c) is applicable to the defendant; or (ii) an amendment listed in subsection (c) <u>is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).</u>

U.S.S.G. 1B1.10(a)(1), Application Note 1(A)(emphasis added).

In addition, the Court agrees with the Government's arguments that "courts have consistently recognized, where a statutory mandatory minimum sentence is applicable the passage of a retroactive guideline amendment is irrelevant" and that "[c]ourts have unanimously applied the same rule in addressing motions based on the crack amendments." (Docket No. 67 at 2-3). *See United States v. Hanlin*, 48 F.3d 121, 124-125 (3d Cir. 1995)(holding that a subsequent retroactive amendment to Guideline § 2D1.1(c) did not affect defendant's sentence as he remained subject to the mandatory minimum sentence under 21 U.S.C. § 841(b)); *United States v. Jones*, 523 F.3d 881 (8th Cir. 2008)(holding that the defendant's "guidelines range was unaffected by the recent amendments to the crack quantity guidelines because of the statutory maximum" and "therefore [the defendant] was not entitled to a reduction in his sentence."); *Moses*, 2008 WL 655993, at *1 (same); *United States v. Hughes*, 2008 WL 728364, at *2 (W.D.Pa. Mar. 18, 2008)(explaining that "an amendment to the *advisory guidelines* cannot trump the *mandatory statutory* minimum sentence set by Congress.")(emphasis in original).

Defendant was convicted of a violation of 21 U.S.C. § 841(a)(1), which provides that "it shall be unlawful for any person knowingly or intentionally ... (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. §

3

841(a)(1). Pursuant to 21 U.S.C. § 841(b)(1)(B)(iii), the penalty for violations of 21 U.S.C. § 841(a)(1) involving five or more grams of cocaine base is "a term of imprisonment which <u>may not be less than 5 years</u> and not more than 40 years." 21 U.S.C. § 841(b)(1)(B)(iii)(emphasis added). Defendant's sentence of 60 months imprisonment is equivalent to the statutory mandatory minimum term of 5 years. Therefore, the subsequent amendment to the Sentencing Guidelines referenced by Defendant does not apply to his case as he was sentenced to the statutory mandatory minimum sentence and a reduction in Defendant's sentence is not authorized by 18 U.S.C. § 3582(c).

Accordingly, based on the foregoing, Defendant's Motion [62] is DENIED.

<i>s/Nora Barry Fisher</i><br>
Nora Barry Fischer<br>
United States District Judge

Date: January 7, 2009

cc/ecf: Margaret E. Picking, AUSA
Soo C. Song, AUSA
John L. Evans, Reg. #09031-068, Federal Satellite Low Elkton,
P.O. Box 10, Lisbon, OH 44432